JOSEPH A DUMARTRAIT, Administrator, and others *v.* APPLETON GAY and another.

Ordinary partners are not bound *in solido* for the debts of the partnership'; nor can one partner bind the others unless authorized to do so, either specially, or by the articles of the partnership itself, or unless it be proved that the partnership was benefited by the transaction; and the burden of proof rests on the party who seeks to be paid.

ACTION before the District Court for the parish of Avoyelles, *Boyce,* J., by Joseph A. Dumartrait, administrator of the estate of L. Lastrapes, and Alphonse Desmare and Henderson Taylor, surviving partners, against Appleton Gay and Charles D. Brashear.

MORPHY, J.* The plaintiffs, formerly commission merchants in New Orleans, claim $1479 72 on an account current for sundry

---

* GARLAND, J., did not sit in this case, having been engaged as counsel for the plaintiffs.

Dumartrait, Adm'r, and others, v. Gay and another.

advances made, and drafts accepted and paid by them for and on account of defendants who, they allege, were ordinary partners pursuing the business of planting and cultivating cotton in the parish of Avoyelles, under the name and style of Gay & Brashear. They ask for judgment *in solido* against the defendants for the said amount; and, in the alternative, for a joint judgment. Gay, although legally cited, made no answer to the petition; but Brashear, the other partner, joined issue, admitting that an ordinary and particular partnership had existed, as alleged, between him and Appleton Gay, but denying his liability to pay any part of the debt sued for, and particularly two drafts drawn by Gay in the name of the partnership, one of $631 64, in favor of Silas F. Thomas, and one of $1355 43, in favor of James Lansing, because they were drawn by Gay without authority from him; and because the partnership was never benefited by the transaction, the drafts having been given for the private and individual debts of the said Gay. The answer concludes with a prayer for a judgment in reconvention against plaintiffs in the sum of $500, which would be the balance against them after deducting from their account the two contested drafts. The inferior court rendered a judgment in favor of Brashear, from which plaintiffs have appealed.

The rights and obligations of the members of a special and limited partnership are clearly defined in the Louisiana Code. It provides, article 2843, that 'ordinary partners are not bound *in solido* for the debts of the partnership, and that no one of them can bind his partners, unless they have given him power so to do either specially, or by the articles of the partnership.' It further provides, article 2845, that ' if a debt be contracted by one of the partners of an ordinary partnership, who is not authorized, either in his own name or in that of the partnership, the other partners will be bound, each for his share, provided it be proved that the partnership was benefited by the transaction.' These provisions show how widely different an ordinary partnership is, under our Code, from a commercial one, as regulated by the law merchant, or even a special partnership under the english law. In both of the latter the power and authority of one partner to bind the others, in transactions relating to the joint concern, are implied from the fact of partnership, while in the former an express power must be shown, or positive

proof given, that the partnership has been benefited by the debt contracted in the name of the partnership by one of its members.

In the present case there is no evidence, that Gay was empowered, either specially or by any articles of co-partnership, to draw the two contested drafts, or that the debt enured to the benefit of the partnership; and it appears that shortly after these drafts were accepted by the plaintiffs, defendant called at their counting house, and informed a gentleman there, who, the witness supposed, was interested in the concern, that his (defendant's) partner Gay had given drafts on their house in their joint names for his own concerns, which he would not pay, and gave him notice not to accept any more drafts, unless drawn by himself.

It is contended, that under a proper construction of the two articles of the Civil Code above quoted, the burthen of proof that the debt was contracted for the individual account of Gay, must rest on the defendant ; that the debt being contracted in the name, and apparently for the benefit of the partnership, the law never intended to impose on third persons, as a pre-requisite to recover, the duty of showing that it was not for the account of the individual partner, or that he had authority to bind his co-partners; that such a condition precedent would greatly obstruct and embarrass the the operations of commerce, and strike at the very foundation and existence of limited and ordinary partnerships.

This construction, and the argument on which it is based, cannot receive our assent. It rests on a presumption which does not exist in ordinary partnerships, as constituted by the Code, to wit : that all debts contracted by a member of such a partnership are authorized by, and are for the account of his co-partners. When the co-partners in an ordinary partnership deny that they are liable for a contract made by one of them, the creditor, who seeks to hold them responsible under it, must prove one of two things, either that the contract was authorized by them, or that it enured to their benefit. In this we cannot see any great hardship. It is the duty of every one who deals with a member of an ordinary partnership who shows no authority to bind his co-partners, to know at his peril, that the transaction is to enure to the benefit of the partnership. A different construction appears to us contrary to the spirit and letter of the above quoted provisions of our Code, as well as to our uni-

Dumartrait, Adm'r, and others, v. Gay and another.

form adjudications on the subject.  5 Martin, 684 ;  1 La., 390 ;  6 Id., 304 ;  13 Id., 197 ;  14 Id., 364 ; and 15 Id., 496.

It is next urged, that before the date of the two contested drafts, Gay had drawn one for $587 95, which is admitted to have been for partnership purposes ; and that from this circumstance it must be inferred, that Gay had authority to draw for the wants and for the account of the partnership as well as Brashear.  The evidence shows, that this draft was the only one which had been drawn by Gay, whose particular business, says one of the witnesses, was to attend to making and gathering the crops.  The knowledge of its having been drawn, is not brought home to the defendant.  Had there been several drafts drawn to the knowledge of this defendant, without any notice on his part to the plaintiffs, that Gay had no authority to bind him, it might perhaps have been said, that such a course of conduct had misled the plaintiffs into the belief  that he had authority from defendant, and should render the latter liable ; but where, as in this case, a single draft has been drawn, and it is not shown that defendant knew it at the time, no inference whatever can be drawn from this circumstance.  But even if defendant were shown to have known of this single draft, it might be that he authorized it, and Gay's authority was not called for by the plaintiffs ; at all events we are not prepared to say, that his silence would render him responsible to an unlimited amount for debts subsequently contracted in the same way, when the law positively provides that in an ordinary partnership one partner cannot bind his co-partners, without being specially empowered so to do.  The defendant might well have supposed, that no other draft would be accepted by the plaintiffs without requiring Gay to show his authority, even if he had known, that the first one had been paid without any inquiry.

The appellee has prayed for an amendment of the judgment below, which disregards his reconventional demand.  In this, we think that there is error ; the defendant should have been allowed one half of the balance which remains due by the plaintiffs to the partnership, after deducting the two contested drafts, to wit :  the sum of $250.

It is therefore ordered, that the judgment of the District Court be reversed, and that there be judgment in favor of the defendant

in the principal action. It is further ordered, that the said defendant recover of the original plaintiffs the sum of two hundred and fifty dollars with costs in both courts.

*Swayze* and *Taylor*, for the plaintiffs and appellants.

*Cushman*, for the appellee.